IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. JAMES, | ) | |
| | ) | 8:06cv513 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| | ) | |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

On July 12, 2006, the plaintiff, Michael B. James, filed a pro se complaint initiating Case number "Doc. 1063 Page 030" in the District Court of Douglas County, Nebraska, against defendants, the City of Omaha and Omaha police officers John Gasko and Gregory Hansen.  On July 26, 2006, the defendants removed the case to this court alleging "federal question" jurisdiction under 28 U.S.C. § 1331 (the federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

The plaintiff has since filed an Amended Complaint (filing no. 9), but, because the defendants answered the initial complaint before the plaintiff filed his Amended Complaint, the plaintiff has again filed an Amended Complaint together with a motion for leave to amend (filing no. 17).  See Fed. R. Civ. P. 15(a) (allowing an amendment as a matter of course once and only before a responsive pleading).  The plaintiff has also moved to remand the case to state court.

The defendants resist remand, but if this court remands the action to state court, the defendants want restrictions placed on matters the plaintiff may litigate in state court, and they ask that the plaintiff reimburse the City for the $350 filing fee paid by the defendants

1

to remove the case to this court.[1]

The defendants removed this action pursuant to 28 U.S.C. § 1441(b) which states in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Thus, the issue of remand turns on whether the plaintiff's original complaint asserted a claim founded on a claim or right arising under the Constitution or laws of the United States over which this court had original jurisdiction.

In his pending motions and objections, the plaintiff emphasizes that his only claim arises under the State of Nebraska's replevin statute, and that he seeks damages for the wrongful detention of the plaintiff's property by the City of Omaha and its police officers. The property in question is a handgun seized from the plaintiff's vehicle in the course of an allegedly illegal search, seizure and/or arrest.

Because of the references to illegal search and seizure and constitutional rights, the defendants construed the complaint as a claim arising under federal law.  However, a careful reading of the plaintiff's initial complaint indicates that he did not assert a *claim for relief* or a *civil action* founded on the Constitution or the laws of the United States.

_____

[1]Thus, the following matters are presently pending before the court: (1) filing no. 4, the plaintiff's Objection to removal (liberally construed as a Motion to Remand to state court); (2) filing no. 7, the plaintiff's Objection to the Defendants' Answer to Complaint and Motion to Strike Pleadings and Papers from the Files; (3) filing no. 10, the plaintiff's Motion to Remand Case and Re-instate Case Back to Active Docket in the State District Court; (4) filing no. 12, the defendants' Motion to Strike Amended Complaint; (5) filing no. 15, the plaintiff's Motion for Leave To File Amended Complaint to Replevin for Damages; (6) filing no. 16, the plaintiff's Motion for Leave to File Amended Remand to the State District Court; and (7) filing no. 17, the plaintiff's Motion for Leave to File Amended Complaint for Replevin for Damages.

2

In his initial complaint, although ambiguous because of a passing reference to 42 U.S.C. § 1983 (filing no. 1 ¶ 7), the plaintiff expressly stated that this is "an action in replevin" "for the wrongful detention of the property," for which he seeks "special damages, plus general damages allowed by law."

Instead of filing a motion to make more definite and certain pursuant to Fed. R. Civ. P. 12(e), so as to clarify whether the plaintiff sought relief under 42 U.S.C. § 1983 or any other federal jurisdictional basis, the defendants chose to answer the complaint within two days of removing the case.  Procedurally, they thereby foreclosed the plaintiff from exercising his one "free" opportunity to amend the complaint as a matter of course before a responsive pleading.  Fed. R. Civ. P. 15(a).

In the absence of the defendants' Answers, I would have required the plaintiff to amend the complaint.  Pro se complaints filed in this court often require clarification, and I would have ordered the plaintiff to clarify whether or not he meant to assert a civil rights claim under 42 U.S.C. § 1983 against the defendants based on alleged violation of the plaintiff's Fourth, Fifth and Fourteenth Amendments rights.  The defendants' Answers precipitated a barrage of filings by the plaintiff vehemently denying that he intended to assert any claim beyond a replevin action under Nebraska law.  Therefore, I grant filing nos. 15 and 17, the plaintiff's Motions for Leave to Amend (and Amended Complaint), and I deny filing no. 12, the defendants' Motion to Strike Amended Complaint, as moot.

The ambiguity in this matter arises out of the plaintiff's somewhat novel theory concerning the measure of damages for an action in replevin.  Besides the usual items of damages for loss of use and depreciation in the value of the property confiscated from him, the plaintiff asserts a  theory of consequential damages which may or may not have validity

3

under state law.  For ease of reference, I will refer to that theory as "misuse" of the property.  According to the plaintiff, during the 763 days the City of Omaha wrongfully detained the plaintiff's firearm, after the illegal seizure of the property, the City also allegedly misused the property to trump up charges against the plaintiff of carrying a concealed weapon.  Therefore, the items of consequential damages which the plaintiff seeks to recover in his replevin action include compensation for emotional distress and reimbursement for legal expenses and attorney fees the plaintiff incurred in the City's allegedly wrongful prosecution of him for carrying a concealed weapon.

For jurisdiction under 28 U.S.C. § 1331, the defendant's answer, defenses or even a counterclaim cannot establish federal question jurisdiction.  The *plaintiff* must assert a substantial claim under federal law.  See, e.g., Hill v. BellSouth Telecommunications, Inc., 364 F.3d 1308, 1314 (11th Cir. 2004): "Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"

Many replevin actions have their origin in allegations of illegal takings.  See, e.g., Morfeld v. Bernstrauch, 343 N.W.2d 880, 883 (Neb. 1984) (towing company's warrantless seizure of plaintiff's car at behest of patrolman and subsequent detention of vehicle resulted in assessment of $9,570 in damages), *citing* Kuchar v. Bernstrauch, 219 N.W.2d 764 (1974) (State Patrol's seizure of vehicle was illegal and did not authorize impound lot to demand storage fees; defendant liable to plaintiff for redelivery of vehicle and damages).  Such allegations do not convert a statutory replevin cause of action into a federal civil rights claim.

4

An item of damages should not be confused with a cause of action. "A suit arises under the law that creates the cause of action." American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) (Holmes, J.)  The plaintiff does not seek relief under federal law.  He does not seek to vindicate his rights in an action pursuant to 42 U.S.C. § 1983 or any other federal statutory basis.  He never intended to bring any federal claim, and he does not seek relief under a federal statute or federal common law.  In other words, the plaintiff's *claim* does not arise under federal law.

Whether or not the plaintiff's theory regarding the measure of damages under the Nebraska replevin statute for "misuse" of an illegally seized firearm has any validity under state law, and whether or not he can recover consequential damages in a replevin action, it appears to me that the plaintiff has, from the beginning, asserted a claim arising under state, not federal, law.  If the plaintiff is wrong about the measure of damages, all that remains is a typical replevin action for whatever damages may be recovered under Nebraska law.

This case was removed improvidently and without jurisdiction and will therefore be remanded to the District Court of Douglas County, Nebraska, where the plaintiff originally filed this action.  28 U.S.C. § 1447(c) states in pertinent part:  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded .... A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."  I decline to attach any conditions to the remand.  I certainly decline to shift the expense of this court's filing fee from the defendants to the plaintiff.  No one forced the defendants to

remove the action.  The defendants simply misread the claim sought to be adjudicated.[2]

IT IS THEREFORE ORDERED:

1.      That filing nos. 15 and 17, the plaintiff's Motions for leave to amend the complaint, are granted; filing no. 17 is the now the operative Amended Complaint in this action, and filing no. 12, the defendants' Motion to Strike Amended Complaint, is denied;

2.      That filing nos. 4, 7, 10 and 16, the plaintiff's motions and objections seeking remand of this case to the state district court, are granted insofar as those filings are consistent with this Memorandum and Order;

3.      That for lack of federal subject matter jurisdiction, this case is remanded to the District Court of Douglas County, without costs, expenses or attorney's fees; and

4.      That the Clerk of Court shall mail a certified copy of this Memorandum and Order to the Clerk of the District Court of Douglas County, Nebraska, pursuant to 28 U.S.C. § 1447(c) and shall close the above-entitled case in this court.

DATED this 19th day of September, 2006.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[2]Of course, if the plaintiff were to attempt to add a claim under 42 U.S.C. § 1983 to this case upon remand, principles of judicial estoppel might come into play.  See generally New Hampshire v. Maine, 532 U.S. 742, 749 (2001):  "'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'... This rule, known as judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'"  (Citations omitted.)